FREDERIC W. HARMON and wife *vs.* OLIVER HARMON.

*Slander—evidence in. Exemplary damages.*

In an action on the case for slander, where the statute of limitations is pleaded, and part of the testimony of the witness called to prove the utterance of the slanderous words alleged tends to show that they were spoken more than two years before the date of the plaintiffs' writ, and part would indicate that they were uttered within that time, it is in the sole power of the jury to determine whether or not the cause of action is barred by the statute of limitations. R. S., c. 81, § 81.

In such action, testimony of facts occurring more than two years before its commencement are admissible to prove malice.

Exemplary damages are allowable in an action for slander.

ON EXCEPTIONS.

The writ in this case, dated June 20, 1871, contained two counts upon slanderous words, alleged to have been spoken by the defendant concerning the female plaintiff. Those specified as intended to be covered by the second count, which was general, are all to which the exceptions relate. The witness [one Sproul] to whom this slander was said to have been spoken testified that the conversation of which it made a part was had in the summer after the plaintiffs were married. He added: " I think it was in July or August; I think I was haying. They were married in the spring before; I think they were married in '69, if my memory serves me right." He then stated the occasion of the interview, how the conversation ensued, and what it was, giving the words as set forth in the specification under this count. Upon cross-examination the witness said he had had difficulty with the defendant since Mr. Harmon married this woman, sometime in 1869, and he believed in the spring of that year; that he entered a complaint against the defendant, and that after the entry of the complaint he never had any conversation with the defendant, " nothing more than to pass the time of day." Upon re-direct examination he said, " I was on the best of terms with the defendant at the time of the conversation in the field."

Another witness [John Reed] testified to meeting the defendant in the road, but " could not tell when it was ; " that Oliver then spoke about his father getting married, and the witness thought it was after the marriage ; that defendant said his father " was getting married to a d—d old rip," which words contain the charge alleged as slanderous under the second count.   Reed also said : " I think the time was in the spring of 1869, the fore part of the season of '69," and gave the rest of the conversation, of same purport as that stated.   The first witness was recalled and testified that the defendant was reputed to be worth $2,500.

The plaintiffs were in fact married May 22, 1869.   Nothing in the testimony reported fixed the date of the complaint made by the first witness against the defendant.

The statute of limitations was pleaded by the defendant, and his counsel objected to the testimony of the conversations given above, claiming they were barred by the statute, and also because that stated by the second witness [Reed] embraced a distinct cause of action for which another suit might be brought ; but the court admitted it as tending to show that the words stated in the writ were maliciously used, and left it to the jury to find whether they were uttered before or after June 20, 1869.   The evidence as to defendant's property was objected to, but admitted ; and to these rulings the defendant excepts, a verdict being found against him.

Upon the subject of damages, among other instructions, not excepted to, was this : " The jury would give according to the circumstances of the case and the degree of injury of the defendant, and if there was actual malice they may put on something, even, as punitive damages ; something for the purpose of punishment, so that it shall be an example that he will not be likely to do the thing again, and it is for that reason that this testimony [Reed's] has been introduced to show that there was actual ill-will and hostility, and a desire to injure beyond that which is implied by the law in the use of the language itself.   How much weight you may give to that, I do not know.   It is a question which bears exclu-

sively upon the damages, and you will be very careful, if you come to that question, to make the proper discrimination and not allow any damages for the words spoken [as testified to by Reed], or which grow out of that, but simply so far as you are satisfied (if you are satisfied) of any additional malice in consequence of it. You will only allow for the additional malice upon the words which are actually charged in the writ, and for the purpose of recovering damage, the plaintiff cannot go outside of his writ." To so much of this instruction as permits the jury to give punitive damages the defendant excepted.

*Baker & Baker*, for defendant.

Reed's testimony was admitted, not to support any allegation in the writ, but to prove malice by showing a repetition of the charge by the defendant. It may be too late to ask our court to exclude this kind of testimony, but we say it ought to be confined to statements made about the time of those charged and within the period of the statute of limitations. Punitive damages were not allowable. *Watson* v. *Moore*, 2 Cush. 140.

*E. F. Pillsbury & W. P. Whitehouse*, for plaintiff.

Whether the slander was uttered before or after June 20, 1869, was a question of fact for the jury. Reed's testimony properly admitted to show malice. *True* v. *Plumley*, 36 Maine, 466; 2 Starkie on Slander, 51; Townsend on Slander, § 394. So was that relative to defendant's property. 36 Maine, 466; *Humphries* v. *Parker*, 52 Maine, 506; *Shute* v. *Bartlett*, 7 Pick. 86; *Lewis* v. *Chapman*, 19 Barb. 252. Punitive damages allowable. *Day* v. *Woodworth*, 13 Howard, 371; Townsend on Slander, § 290; *Pike* v. *Dilling*, 48 Maine, 539; *Goddard* v. *G. T. Railway*, 57 Maine, 202.

The following rescript was sent down:

DICKERSON, J. When the statute of limitations is pleaded, and a part of the testimony of a witness, relied upon to fix the time when a particular fact transpired, indicates that it took place be-

fore, and a part of it that it occurred after, the time when the statute of limitations commenced to run, it is the sole province of the jury to determine which part of the testimony is entitled to control.

In an action of slander it is not erroneous in the court to allow the plaintiff to introduce evidence of facts that took place more than two years before the commencement of the suit, in proof of malice, when the statute of limitations is pleaded.

Exemplary damages are allowable in an action of slander.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, DANFORTH, VIRGIN, and PETERS, JJ., concurred.